Below is an opinion of the court.

_David W. Hercher_
DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re

**Natache D. Rinegard-Guirma**,

Debtor.

Case No. 22-31651-dwh13

MEMORANDUM DECISION ON (1) MOTION FOR ORDER DECLARING AUTOMATIC STAY TERMINATED AND DISCHARGE INJUNCTION INAPPLICABLE AND (2) NOTICE OF MOTION OF DEBTOR TO ENFORCE THE AUTOMATIC STAY[1]

## I.    Introduction

PHH Mortgage Corporation and U.S. Bank National Association, as trustee of a trust, move for a determination that certain acts they might take would not violate the automatic stay or the discharge injunction.[2] PHH is the

---

[1] This disposition is specific to this action. It may be cited for whatever persuasive value it may have.
[2] ECF No. 57.

Page 1 – MEMORANDUM DECISION ON (1) MOTION FOR ORDER etc.

servicer and U.S. Bank is owner of the home loan at issue. For this decision, the distinction between the two is unimportant, and I refer to them jointly as the bank. The chapter 13 debtor, Natache D. Rinegard-Guirma (Guirma), has moved to enforce the stay, alleging that certain acts taken by the bank violated the stay.[3]

For the reasons below, I will determine that a portion of the bank's third proposed act would, under certain conditions, not violate the stay, and I will otherwise deny both motions.

## II.    Background

In 2011, the bank brought a judicial foreclosure action against Guirma and others in the Multnomah County, Oregon, Circuit Court. That action sought foreclosure of a trust deed on 5731 N.E. 10th Avenue in Portland, Oregon. In September 2013, the court entered a general judgment of foreclosure in favor of the bank. The judgment says, "The interest of each of the Defendants [including Guirma] and all persons claiming through or under them as purchasers, encumbrancers, or otherwise are forever foreclosed of all interest or claim in the Property, except any statutory right of redemption . . . ."[4] The judgment ordered the sheriff to sell Guirma's interest in the property[5] and entitled the purchaser to exclusive and immediate possession of the property and "to such remedies as are available

---

[3] ECF No. 67.
[4] ECF No. 128-8 Ex. H at 2 ¶ 3.
[5] ECF No. 128-8 Ex. H at 3 ¶ 6.

Page 2 – MEMORANDUM DECISION ON (1) MOTION FOR ORDER etc.

at law or in equity to secure possession," including the right to apply to the court for a writ of assistance if the defendants, including Guirma, refuse to surrender possession on demand.[6] In the event the sale proceeds were insufficient to satisfy the judgment, the judgment ordered that the bank was not entitled to "any further or other judgment, including a judgment for the deficiency."[7]

In October 2018, a writ of execution in the foreclosure action directed the sheriff to sell the property.[8]

The next month, Guirma deeded the property to several people.[9]

The month after that, the sheriff executed the writ of execution by selling the property to the bank.[10] About six months later, in June 2019, the sheriff's deed was issued to the bank.[11]

In 2019, the bank brought a separate circuit-court eviction action against Guirma. In August 2020, the trial court administrator signed and filed in the eviction action an amended notice of restitution giving Guirma notice that the court had ordered her to move out of the property with her belongings by August 23, 2020, failing which the sheriff would physically move her and store or dispose of remaining belonging.[12]

---

[6] ECF No. 128-8 Ex. H at 3 ¶ 7.
[7] ECF No. 128-8 Ex. H at 3 ¶ 6.
[8] ECF No. 128-34 Ex. HH at 4–6.
[9] ECF No. 123-1 Ex. 1.
[10] ECF No. 128-34 Ex. HH at 2.
[11] ECF No. 128-22 Ex. V.
[12] ECF No. 128-29 Ex. CC.

On November 6, 2020, in the foreclosure action, a circuit judge signed an order on writ of assistance, directing the sheriff, upon receipt of the writ of assistance tendered by the bank, to break, enter, and use necessary force to remove the occupants of the property and deliver possession of it to the bank.[13]

In June 2022, the sheriff asked Guirma to leave the property. She left at the sheriff's request that day and returned the next. The bank gave Guirma notice that personal property remained in the property, was being stored there by the bank, and was considered to be abandoned and would be disposed of if not timely removed from the property.[14]

In October 2022, Guirma filed her petition initiating this case under chapter 7. She listed as her address the address of the property,[15] and she asserted ownership of the property.[16] The case was converted to chapter 13 in July 2023.[17] The conversion order vacated the chapter 7 discharge. No chapter 13 discharge has been entered.

---

[13] ECF No. 128-30 Ex. DD.
[14] ECF No. 140-1 Ex. 8.
[15] ECF No. 1 at 2 item 5.
[16] ECF No. 1 Schedule A/B item 1.
[17] ECF No. 111.

## III. Relief sought

The bank describes the actions it intends to take and seeks a determination that they would not violate the automatic stay or discharge injunction:[18]

> [First,] enforcement of the General Judgment of Foreclosure . . ..
>
> [Second,] efforts of the Moving Parties, their attorneys, or their successors in interest to defend against and seek appropriate sanctions against Debtor with regard to any legal filings made by her following her bankruptcy discharge in this matter
>
> [Third,] Moving Parties' efforts to make full use and possession of the Property that is the subject of the General Judgment, including but not limited to the Moving Parties' efforts to remove Debtor and her personal possessions from the property, or pursuing sanctions, criminal charges, and civil claims against the Debtor concerning her possession and refusal to relinquish the same property . . ..

For convenience, I refer below to those three acts as the bank's proposed acts.

In Guirma's motion to enforce the stay, she requests these determinations:

> [First,] that the debt collection activities of PHH MORTGAGE CORPORATION . . . willfully violate the provisions of 11 USC 362
>
> [Second,] that U.S. BANK NATIONAL ASSOCIATION . . . does not meet the Constitutional requirements of standing in these bankruptcy proceedings to request a relief from an automatic stay and an attempt to do so would constitute a 'willful' violation of not only the Federal requirements for standing, but also of 11 USC 362(a)(1)(2)(3)(4) and (5)
>
> [Third,] that [U.S. Bank's pending motion] was incorrectly and willfully filed not meeting the requirements of Local Bankruptcy Rules, in violation of the Constitutional requirements for

---

[18] ECF No. 57 at 2–3.

Page 5 – MEMORANDUM DECISION ON (1) MOTION FOR ORDER etc.

standing which in turn violates 11 USC 362(a)(1)(2)(3)(4) and (5).

## IV. Analysis

### A. *Standing*

Because standing is a prerequisite for jurisdiction. I will start with Guirma's standing argument.

The bank has standing to request a declaratory determination that its intended actions will not violate the automatic stay of 11 U.S.C. § 362(a). Although the Supreme Court ordinarily says that a litigant must show a "concrete, particularized, and actual or imminent" injury to establish standing,[19] the analysis is slightly different when the litigant requests declaratory relief.

The Declaratory Judgment Act[20] does not confer jurisdiction.[21] It only authorizes a federal court to grant a remedy—declaratory relief—"[i]n a case of actual controversy within its jurisdiction."[22] The plaintiff in a declaratory-judgment action therefore must show that the underlying "controversy" is within the federal court's jurisdiction. More precisely, as the Ninth Circuit held in its 2002 decision in *Scott v. Pasadena Unified School District*, the plaintiff "must establish standing by showing 'that there is a substantial

---

[19] TransUnion LLC v. Ramirez, ___ U.S. ___, 141 S.Ct. 2190, 2203 (2021).
[20] 28 U.S.C. § 2201.
[21] Fid. & Cas. Co. v. Rsrv. Ins. Co., 596 F.2d 914, 916 (9th Cir. 1979).
[22] 28 U.S.C. § 2201(a).

Page 6 – MEMORANDUM DECISION ON (1) MOTION FOR ORDER etc.

controversy, between parties having adverse interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment.'"[23]

Here, there is a substantial controversy—the immediacy and reality of which is proved by the fact that Guirma is simultaneously seeking opposite relief against the bank—as to whether the bank's ongoing and proposed acts are or will be stay violations. This controversy is within federal jurisdiction because it involves an asserted injury to her that, if proved, is remediable in this court under federal bankruptcy law.[24] Because she has standing to request relief against the bank (and has in fact done so), the bank necessarily also has standing to request declaratory relief that it has no liability to her.

Even if the bank lacked standing, it would not violate the stay just by moving to determine whether the stay applies. Whether a litigant has standing to request certain relief has nothing to do with whether its actions violate the automatic stay. Similarly, whether a litigant complies with local rules of procedure has nothing to do with either standing or the automatic stay.

### B. *Bankruptcy court authority*

Both motions seek determinations of the scope of the automatic stay. That type of motion is not included in the list of core matters in 28 U.S.C. § 157(b)(2). But the list is nonexclusive, and the motions are analogous to

---

[23] 306 F.3d 646, 658 (9th Cir. 2002) (cleaned up).
[24] *See* 11 U.S.C. § 362(k).

motions to terminate, annul, or modify the automatic stay, which do appear in that list.[25] The motions are thus core matters that I may hear and determine and as to which I may enter appropriate orders.

### C.    Discharge

When the bank filed its motion, Guirma had obtained a chapter 7 discharge, so its motion asks for declaratory relief regarding the effect of the discharge as well as of the stay. But she later converted her case to chapter 13, and her chapter 7 discharge was vacated to facilitate conversion. I consider the discharge-related aspects of the bank's motion to be moot. She may eventually obtain a chapter 13 discharge, but that outcome is too speculative to warrant a declaratory judgment.

### D.    Automatic stay

Although the bank argues that the stay had terminated with the chapter 7 discharge (true when the motion was filed, but no longer the case), the bank also argues that "the automatic stay was never applicable to the Moving Parties' efforts to obtain possession over the Property, which the [bank] owned at the time Debtor's bankruptcy petition was filed . . .."

In Oregon, there are two legal paths to removal of an occupant after a judicial foreclosure: a writ of assistance or an eviction action. A writ of assistance is an equitable, nonstatutory remedy directing the sheriff to

---

[25] 28 U.S.C. § 157(b)(2)(G).

enforce the rights of a party as determined by a fully adjudicated judgment. The writ is based in the power of a court to enforce its judgments.[26]

Alternatively, a buyer entitled to possession may invoke Oregon Revised Statutes §§ 105.105 through .168, entitled "Forcible Entry and Wrongful Detainer."[27] That statute permits an action for return of possession of property unlawfully held by force. The causes of unlawful holding by force include when someone remains in possession after the purchaser of the premises is entitled to possession.[28] This eviction procedure is available to the purchaser at an execution sale following a judicial foreclosure.[29] Eviction is sought in an independent action with specially prescribed procedures, including forms of complaint and summons.[30] If the plaintiff prevails, the court enters a judgment of restitution,[31] the clerk issues and the plaintiff serves a notice of restitution, and after a notice period, the clerk issues a writ of execution of judgment of restitution, directing the sheriff to enforce the judgment by removing the defendant and returning possession of the premises to the plaintiff.[32]

---

[26] U.S. Nat. Bank of Oregon v. Chavez, 574 P.2d 647, 649 (Or. 1978).
[27] Or. Rev. Stat. § 18.946(1)(c).
[28] Or. Rev. Stat. § 105.116(1)(d).
[29] Bank of New York Mellon v. Lash, 463 P.3d 614, 616 (Or. App. 2020).
[30] Or. Rev. Stat. § 105.113, .126.
[31] Or. Rev. Stat. § 105.145.
[32] Or. Rev. Stat. § 105.151.

## 1.	**Bank's first proposed act**

The bank's first proposed act, which it contends would not violate the stay, is its "enforcement of the General Judgment of Foreclosure . . .."

At trial, the bank's lawyer acknowledged that resort to enforcement of the foreclosure judgment would be unnecessary for the bank either to collect any money from Guirma (the bank has no deficiency judgment) or to obtain ownership of the property to the exclusion of Guirma (that occurred before the petition date). According to the lawyer, the bank wants to seek enforcement of the foreclosure judgment to obtain another writ of assistance to direct the sheriff again to remove Guirma from the property.

### (a)	*362(a)(1)*

The acts stayed by 362(a)(1) include the commencement or continuation of a proceeding against the debtor that was or could have been commenced before the petition date.

Here, the bank concedes in its motion that, before the petition date, it sought possession by both a writ of assistance and an eviction action. Even if it had not actually done so, it could have done both. Because Guirma was named as a defendant in both actions, both were against her.[33]

Because a writ of assistance enforces a judgment, and by practice it is sought in the action in which the judgment was entered, taking any action

---

[33] Bayview Loan Servicing LLC v. Fogarty (*In re* Fogarty), 39 F.4th 62, 76 (2d Cir. 2022).

Page 10 – MEMORANDUM DECISION ON (1) MOTION FOR ORDER etc.

intended to conclude with the sheriff's execution of a writ of assistance constitutes continuation of the action giving rise to the judgment. 362(a)(2)

Section 362(a)(2) stays enforcement against the debtor or estate property of a prepetition judgment. Here, because the bank acquired the property at the prepetition sheriff's sale, the property isn't estate property. Because Guirma's deed of the property was after entry of the foreclosure judgment, which foreclosed her interest in the property, the deed had no effect on the sheriff's ability to convey title to the bank.

If the bank were to request postpetition issuance or execution of a writ of assistance to enforce its right to possess the property, the request would constitute enforcement against Guirma of its foreclosure judgment. And if the bank were to request enforcement of its prepetition eviction judgment, the request would constitute enforcement against her of the eviction judgment. Both requests would violate 362(a)(2).

### 2. Bank's second proposed act

The bank's second proposed act is its "efforts . . . to defend against and seek appropriate sanctions against Debtor with regard to any legal filings made by her following her bankruptcy discharge in this matter."

A party requesting declaratory relief must show that the controversy the court is asked to resolve has "sufficient immediacy and reality."[34] The bank's second proposed act doesn't satisfy that standard. It's purely speculative

---

[34] Scott v. Pasadena Unified School Dist., 306 F.3d 646, 658 (9th Cir. 2002)

Page 11 – MEMORANDUM DECISION ON (1) MOTION FOR ORDER etc.

whether Guirma will ever receive a discharge in this case. Aside from that, the proposed act is not described clearly enough to satisfy the need for "immediacy and reality." The Declaratory Judgment Act does not authorize courts to give purely advisory opinions. Whether defending oneself against litigation commenced by a discharged bankruptcy debtor could violate the discharge is an abstract, hypothetical question that it would not be appropriate to answer now.

### 3. Bank's third proposed act

The bank's third proposed act is "efforts to make full use and possession of the property," with two specified types of effort.[35]

### (a) *Removal of Guirma and her personal possessions from the property*

The first type of effort specified in the third proposed act is the bank's "efforts to remove" Guirma and her personal possessions from the property. For the reasons and to the extent I determined addressing the first proposed act, efforts to remove Guirma by a writ of assistance issued in the foreclosure action or by enforcement of the bank's prepetition eviction judgment would violate 362(a)(1) and (2).

Whether Guirma's personal possessions at the property are protected by the stay turns on whether they are estate property. Estate property includes property that the debtor owned on the petition date,[36] certain property the

---

[35] ECF No. 57 at 2–3.
[36] 11 U.S.C. § 541(a)(1).

Page 12 – MEMORANDUM DECISION ON (1) MOTION FOR ORDER etc.

debtor acquired in the next 180 days,[37] proceeds of estate property,[38] and property that the estate acquired after the petition date.[39] A debtor may claim property exempt, removing it from the estate,[40] but Guirma has not yet done so.[41] Unless she does, her personal possessions are estate property, and any act to obtain possession or exercise control over them would violate 362(a)(3).

On this record, I'm not prepared to address whether and with what limitations 362(a)(3) would be violated by acts that it might take, if it evicts Guirma, with respect to remaining personal property.

### (b) *Pursuit of sanctions, criminal charges, and civil claims against Guirma concerning her possession and refusal to relinquish the property*

The second part of the third proposed act is the bank's pursuit of "sanctions, criminal charges, and civil claims against [Guirma] concerning her possession and refusal to relinquish the property . . .."

The bank would not violate the stay by pursuing against Guirma sanctions, criminal charges, or civil claims for possessing the property after the petition date or for refusing to relinquish possession of the property after the petition date—as long as the sanction, charge, or claim is based on

---

[37] 11 U.S.C. § 541(a)(5).
[38] 11 U.S.C. § 541(a)(6).
[39] 11 U.S.C. § 541(a)(7).
[40] 11 U.S.C. § 522(b)(1).
[41] ECF No. 1 Sched. C.

Page 13 – MEMORANDUM DECISION ON (1) MOTION FOR ORDER etc.

postpetition acts and constitutes neither continuation of a prepetition action against her or enforcement against her of a prepetition judgment.

### (c)    *Catchall*

The description of the bank's third proposed act begins with the nonexclusive phrase "efforts to make full use and enjoyment of the Property." I've addressed the acts the bank specifies further in the third proposed act, and on this record, I'm not prepared to address whether the stay would be violated by efforts other than those the bank specified.

### E.    *St. Clair*

The bank cites the 2021 nonprecedential decision of the Third Circuit in *In re Barel*[42] for the proposition that a possessory interest in real property "is only within the ambit of the bankruptcy estate and protected by the automatic stay if the debtor's possession is in good faith and based on a colorable claim."[43] In *Barel*, the Third Circuit considered the debtors' appeal from the district court's decision on appeal that the debtors' possessory interest in property after a prepetition foreclosure sale "was insufficient to trigger the protections of the automatic stay."[44] As authority for that proposition, the Third Circuit cited the 2000 decision of a District of New Jersey district judge in *St. Clair v. Beneficial Mortgage Company (In re*

---

[42] No. 21-1849, 2021 WL 4279594, at *2 (3d Cir. Sep. 21, 2021).
[43] ECF No. 57 at 6.
[44] 2021 WL 4279594, at *2.

Page 14 – MEMORANDUM DECISION ON (1) MOTION FOR ORDER etc.

*St. Clair)*,[45] which the Third Circuit summarized parenthetically as the bank here describes the holding of *Barel*.[46] The Third Circuit did not otherwise explain its *Barel* holding.

According to *St. Clair*, before the petition date in that case, a mortgagee obtained a foreclosure judgment, bought the property at a sheriff's sale, and received both a sheriff's deed and writ of possession from the state court declaring that the debtors had unlawfully deprived the mortgagee of possession.[47] The debtors filed the petition while still in possession. After the petition date, the stay was vacated as to the mortgagee.[48]

Although the *St. Clair* bankruptcy judge had vacated the stay, the district judge did not address on appeal the 362(d) standards for stay modification, but instead addressed whether the stay was at all applicable to the mortgagee's postpetition efforts to obtain possession of the property.[49] The judge held that because judicial foreclosure in New Jersey is "purely quasi-in-rem, affording relief only against the secured property,"[50] the lender's postpetition "commencement or continuation of a foreclosure sale, or enforcement of a foreclosure judgment is not stayed by sections 362(a)(1)

---

[45] 251 B.R. 660 (D.N.J. 2000), aff'd sub nom. St. Clair v. Wood, 281 F.3d 224 (3d Cir. 2001).
[46] 2021 WL 4279594, at *2.
[47] *St. Clair*, 251 B.R. at 662–63.
[48] *St. Clair*, 251 B.R. at 663.
[49] *St. Clair*, 251 B.R. at 664.
[50] *St. Clair*, 251 B.R. at 668 (cleaned up).

and 362(a)(2)."[51] And "enforcement of [the mortgagee's] foreclosure judgment against the Property, including any and all steps necessary to take full and complete possession, would not be stayed by sections 362(a)(1) and 362(a)(2) of the Code."[52] The judge also held that, even if 362(a)(1) and (2) stay continuation of a quasi-in-rem foreclosure action or enforcement of a foreclosure judgment, "we do not believe Congress intended sections 362(a)(1) and 362(a)(2) to stay actions to remove a debtor from property under the circumstances of this case, in which the debtors have no intertest in, and no good-faith colorable claim to possession of the foreclosed property."[53]

I disagree with *St. Clair* for three reasons. First, that a foreclosure action is quasi-in-rem does not logically lead to the conclusion that it is not an action "against" the debtor. I agree with the contrary holding of the 2022 decision of the Second Circuit in *Bayview Loan Servicing LLC v. Fogarty (In re Fogarty)*,[54] which concluded that "so long as the debtor is a named party in a proceeding or action, the automatic stay applies to the continuation of that proceeding . . .," a violation of 362(a)(1). I am unaware of any Ninth Circuit decisions on that point or any contrary decisions of other courts of appeals (binding in the deciding circuit). Although *Barel* is arguably inconsistent with *Fogarty*, *Barel* is not precedential and contains little explanation of its

---

[51] *St. Clair*, 251 B.R. at 668.
[52] *St. Clair*, 251 B.R. at 669.
[53] *St. Clair*, 251 B.R. at 669 n.10.
[54] 39 F.4th 62, 73 (2d Cir. 2022).

reasoning. Therefore, no circuit split yet exists, and the Ninth Circuit is unlikely to create one by following *Barel* instead of *Fogarty*.[55]

Second, the judge seems to have construed "judgment" in 362(a)(2) to mean only a judgment entitling a party to the payment of money, so any act to enforce against the debtor any other type of judgment—including one entitling a foreclosure purchaser to a writ of assistance for the removal of the debtor from purchased property—would not constitute enforcement of a judgment under 362(a)(2). The plain meaning of "judgment" includes judgments of all types, including those making determinations or ordering relief other than the payment of money. A foreclosure judgment entitling the sheriff's-sale purchaser to the sheriff's assistance to obtain possession, even if quasi-in-rem, is still a judgment.

Third, the judge's resort to what the judge believed to be Congress's intent in 362(a)(1) and (2) can't be squared with the plain language of those paragraphs.

### F.  *Ministerial-acts exception*

The bank argues that the "ministerial acts" exception to the automatic stay encompasses "efforts utilizing police assistance to obtain possession pursuant to the Foreclosure Judgment and/or prior Writs of Assistance or Eviction Judgment."[56] In support, the bank cites the Ninth Circuit's 2000

---

[55] United States v. Anderson, 46 F.4th 1000, 1005 (9th Cir. 2022); Padilla-Ramirez v. Bible, 882 F.3d 826, 836 (9th Cir. 2017).
[56] ECF No. 57 at 10.

decision in *McCarthy, Johnson & Miller v. North Bay Plumbing, Inc. (In re Pettit).*[57] There, the court held that "[m]inisterial acts or automatic occurrences that entail no deliberation, discretion, or judicial involvement do not constitute continuation of . . . a proceeding" that has ended with a decision on the merits. (Although the court mentioned "continuation of a proceeding," it did not apply 362(a)(1).) The court observed that the exception "stems from the common-sense principle that a judicial 'proceeding' within the meaning of section 362(a) ends once a decision on the merits has been rendered." Applying the exception, the court held that a state-court clerk's postpetition compliance with a judge's prepetition order to pay registry funds was a ministerial act. (The court did not address whether the stay was violated by the party's acceptance and deposit of that check, knowing that the petition preceded issuance of the check.)

The bank also cites the 2006 decision of another judge of this court in *In re Stewart,*[58] holding that the state-court court clerk's postpetition docketing of a judgment that had been signed and filed before the petition date "was a purely ministerial act that was not enjoined by the automatic stay of Section 362(a)(4)," which stays an act to create, perfect, or enforce a lien against estate property, including a judgment lien.

---

[57] 217 F.3d 1072, 1080 (9th Cir. 2000).
[58] No. 06-30053-RLD, 2006 WL 4528532, at *4 (Bankr. D. Or. May 18, 2006).

Page 18 – MEMORANDUM DECISION ON (1) MOTION FOR ORDER etc.

In both *Pettit* and *Stewart*, the acts at issue were of a court clerk complying with a legal mandate—in *Pettit*, the mandate of an order, and in *Stewart*, that of a statute. Here, of the bank's three proposed acts, only the first isn't expressly an act of the bank itself. That category is "the enforcement" of the foreclosure judgment, without specifying who would do the enforcing. The motion doesn't, for example, ask whether the stay would be violated if the sheriff—either independently or at the bank's suggestion—were now to execute the prepetition order on writ of assistance. Nor does it ask whether the stay would be violated by the clerk's issuance of a writ of execution of judgment directing the sheriff to evict Guirma (assuming that the bank had served the amended notice of restitution). The absence of any reference to acts of the sheriff or clerk in the bank's motion suggests that the motion should not be read to address those questions.

The bank's second and third proposed acts, and the first, treated as not addressing acts of the sheriff or clerk, are acts only of the bank, all of which would be discretionary and volitional—the opposite of ministerial and automatic. The bank's proposed actions would not be protected by the ministerial-acts exception.

### G.  *Guirma's motion*

Guirma's first argument, that PHH's "debt collection activities" violate the stay, is unsupported by any evidence of stay violations. I addressed above— and rejected—her argument that the bank lacks standing to request stay

relief. I reject her argument that the bank's motion did not meet the requirements of local bankruptcy rules or that the filing of the motion itself could violate the stay.

## V.      Conclusion

The bank's first proposed act would violate 362(a)(1) and (2).

I will not determine whether the bank's second proposed act would violate the stay.

In response to the bank's third proposed act: its removal of Guirma from the property would violate 362(a)(1) and (2); I will not determine whether its removal of her personal possessions would violate the stay; the bank would not violate the stay by pursuing against her sanctions, criminal charges, or civil claims for possessing the property after the petition date or for refusing to relinquish possession of the property after the petition date, as long as the sanction, charge, or claim is based on postpetition acts and constitutes neither continuation of a prepetition action against her or enforcement against her of a prepetition judgment; and I will not otherwise determine whether the bank's efforts to make full use and enjoyment of the property would violate the stay.

I will not address the effect of a possible future discharge on the bank's proposed acts.

I will otherwise deny the bank's motion.

I will deny Guirma's motion.

I will enter a separate order.

### #