DISTRICT OF OREGON
**F I L E D**
August 04, 2023
Clerk, U.S. Bankruptcy Court

Below is an order of the court.

_____
DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**Natache D. Rinegard-Guirma**,<br><br>Debtor. | Case No. 22-31651-dwh13<br><br>ORDER ON (1) MOTION FOR ORDER DECLARING AUTOMATIC STAY TERMINATED AND DISCHARGE INJUNCTION INAPPLICABLE AND<br>(2) NOTICE OF MOTION OF DEBTOR TO ENFORCE THE AUTOMATIC STAY |

For the reasons set forth in the memorandum decision filed today regarding the Motion for Order Declaring Automatic Stay Terminated and Discharge Injunction Inapplicable [ECF No. 57] filed by PHH Mortgage Corporation and U.S. Bank National Association as trustee (together, the bank) and the Notice of Motion of Debtor to Enforce the Automatic Stay [ECF No. 67] filed by debtor, Natache D. Rinegard-Guirma, the court—

Page 1 – ORDER ON (1) MOTION FOR ORDER DECLARING etc.

1.      DECLARES as follows:

      a.      Case number references in this order are to cases in the Multnomah County, Oregon, Circuit Court.

      b.      The stay of 11 U.S.C. §§ 362(a)(1) and (2) would be violated by the bank's enforcement of either the general judgment of foreclosure entered in Case No. 1112-16030 (the foreclosure action) or the judgment of restitution entered in Case No. 19LT07850 (the eviction action).

      c.      The bank would violate sections 362(a)(1) and (2) by removing debtor from the real property commonly known as 5731 N.E. 10th Avenue in Portland, Oregon (the property), by a writ of assistance in the foreclosure action or by enforcement of the bank's prepetition judgment in the eviction action.

      d.      The bank would not violate section 362 by pursuing against debtor sanctions, criminal charges, or civil claims for possessing the property after the petition date or for refusing to relinquish possession of the property after the petition date, as long as the sanction, charge, or claim is based on postpetition acts and constitutes neither continuation of a prepetition action against debtor nor enforcement against debtor of a prepetition judgment.

2.      Otherwise DENIES the bank's motion.

3. DENIES debtor's motion in its entirety.

# # #